# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| MANUEL ARTURO CARBAJAL, *Reg.* | § | |
| *No. 12654-051,* | § | |
| | § | |
| *Movant,* | § | EP-14-CR-01116-DCG-1, |
| v. | § | EP-18-CV-00178-DCG |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Movant Manuel Arturo Carbajal's (hereinafter "Carbajal") *pro se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF No. 402)[1] (hereinafter, "Motion to Vacate"), as amended by his "Petition to Amend/Supplement Brief" (ECF No. 407) (hereinafter, "Supplemental Brief"). For the reasons that follow, the Court **DENIES** his motion.

## I. BACKGROUND

In June 2014, a federal grand jury sitting in the Western District of Texas, El Paso Division, returned a five-count indictment (ECF No. 1) against Carbajal and other individuals. Thereafter, a federal grand jury returned a Superseding Indictment, which charges Carbajal with three criminal counts. Specifically, Count One charges him with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). *See* Superseding Indictment at 1–2, ECF No. 379.

Subsequently, Carbajal and the Government executed a plea agreement. Carbajal agreed to plead guilty to Count One of the Superseding Indictment. Plea Agreement at 1, ECF No. 274.

---

[1] Unless otherwise specified, "ECF No." in this memorandum opinion and order refers to the document number on the electronic docket in EP-14-CR-1116-DCG-1.

In exchange, the Government agreed to move for dismissal of the remaining counts against him and its Notice of Penalty Enhancement under 28 U.S.C. § 851, which was then pending. *Id.* The Government agreed not to oppose the award of a two-level adjustment for acceptance of responsibility, and if the adjustment is granted, further agreed to move for the award of a third level for same. *Id.* at 3.

In June 2015, pursuant to the plea agreement, Carbajal pled guilty to Count One before United States Magistrate Judge Anne T. Berton. Tr. Plea Hr'g at 16:19–23. The magistrate judge found, among others, that there was a factual basis to support his plea and that his plea was made voluntarily with an understanding of the charge and maximum penalty in his case. *Id.* at 20:16–21:01; *see also* Report & Recommendation, ECF No. 277. The undersigned judge accepted Carbajal's plea of guilty. *See* Order, ECF No. 284. The case was referred to the United States Probation, with instructions to prepare a Presentence Investigative Report ("PSR") for purposes of sentencing hearing. *See* ECF No. 276.

The PSR scored Carbajal at a base offense level of 32 pursuant to § 2D1.1(a) of the 2014 Sentencing Guidelines. PSR ¶ 49. After increasing the offense level by 2 levels pursuant to § 2D1.1(b)(5), another 2 levels pursuant to § 2D1.1(b)(5)(C), and 4 levels pursuant to § 3B1.1(a), the PSR arrived at an adjusted offense level of 40. *Id.* ¶¶ 50, 51, 53, 54. For acceptance of responsibility, a 3-level decrease of the offense level was applied pursuant to § 3E1.1(a)–(b), *id.* ¶¶ 57–58, resulting in a total offense level of 37, *id.* ¶ 59. This offense level, combined with a criminal history category of IV, *id.* ¶ 66, led to an advisory Guidelines sentencing range of 292 to 365 months, *id.* ¶ 101.

At the sentencing hearing held on April 27, 2017, Carbajal was present along with his counsel John L. Williams. In light of his guilty plea, the Court found him guilty of the offense

charged in Count One of the Superseding Indictment. Tr. Sentencing Hr'g at 4:9–15. Pursuant to the plea agreement, the Government moved to dismiss the remaining counts against Carbajal and the Notice of Penalty Enhancement, *id.* at 7:10–13, which the Court granted, *id.* at 12:20–22.

To assess Carbajal's sentence, the Court adopted the PSR's recommendations as the starting point: a total offense level of 37 and criminal history category of IV. *Id.* at 4:21–5:15. After ruling on the parties' objections and motions, the Court arrived at a total offense level of 34 and criminal history category score of IV—which together suggested a Guidelines sentencing range of 210 to 262 months. *Id.* at 5:15–23; 6:17–18. The Court sentenced Carbajal to 240 months' imprisonment, followed by 5 years of supervised release. *Id.* at 10:16–11:05. The Court found that the 240-month imprisonment was sufficient and appropriate, but not greater than required in order to accomplish the goals of 18 U.SC. § 3553(a)(2). *Id.*

In accordance with the Court's rulings at the sentencing hearing, a judgment (ECF No. 370) was issued on May 12, 2017. Carbajal appealed the judgment and sentence. *See* Notice of Appeal, ECF No. 368. On April 11, 2018, the Fifth Circuit granted the Government's motion to dismiss the appeal and on May 3, 2018, issued its judgment as mandate (ECF No. 401). Carbajal did not file a writ of certiorari with the Supreme Court.

On June 11, 2018, Carbajal filed the instant § 2255 motion and subsequently, filed the Supplemental Brief. Therein, he claims that the PSR and/or the Court committed errors in calculating the applicable guideline range and his counsel was ineffective for not objecting to the alleged errors. *E.g.*, Mot. to Vacate at 5, 7–8, ECF No. 402. In September 2018, the Government filed its Response (ECF No. 410) to the motion.

## II. STANDARD

### A. 28 U.S.C. § 2255

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Typically, before a court will grant relief pursuant to § 2255, Petitioner must establish: "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a Petitioner must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet*, 81 F.3d at 589. If the Petitioner does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955

F.2d 990, 994–95 (5th Cir. 1992). This procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (stating that the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

## B. Ineffective Assistance of Counsel

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions. U.S. Const. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To merit relief on an ineffective assistance of counsel claim, a movant must demonstrate both (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective

assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). In order to obtain relief, a movant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the movant must also demonstrate actual prejudice. *See id.* at 691–92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). The test's prejudice prong requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The mere possibility of a different outcome is not sufficient to prove prejudice. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002).

With these principles in mind, the Court turns to the merits of Carbajal's claims.

## III. DISCUSSION

The Court understands[2] Carbajal to advance two grounds for relief. In Ground One, he challenges the sentence imposed, claiming that the PSR and/or the Court erroneously calculated the applicable guideline range. Mot. to Vacate at 4, ECF No. 402. Specifically, he claims that the PSR and/or the Court erred by increasing his offense level under the Sentencing Guidelines sections 3B1.1(a) (aggravating role)[3] and 2D1.1(b)(5) (importation of methamphetamine). *Id.* at 5; Suppl. Br. at 2. In Ground Two, he claims that his counsel rendered constitutionally ineffective assistance by failing to object to the above-mentioned errors. Mot. to Vacate at 7–8.

The Court denies his motion on the basis of Ground One because "[a] district court's calculation under or application of the [S]entencing [G]uidelines standing alone is not the type of error cognizable under section 2255." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995); *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.1998) ("[The defendant's] claim that trial judge erred in calculating her sentence is not grounds for section 2255 relief. Technical application of the Sentencing Guidelines does not give rise to constitutional issues."). However, because Carbajal faults his counsel for not objecting to the alleged errors regarding sections 3B1.1(a) and 2D1.1(b)(5), the Court addresses the merits of his claims in the context of Ground Two—the ineffective assistance ground. *See Valladolid-Lerma v. United States*, EP-06-CR-1869-DB, 2010 WL 8033180, at *8 (W.D. Tex. Nov. 23, 2010) (addressing the merits of

---

[2] A court reviews *pro se* pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining allegations in a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

[3] He also appears to claim that the PSR improperly increased his offense level under U.S.S.G. § 3B1.1(b). *See* Mot. to Vacate at 5–6. However, the PSR did not apply that section.

claim that PSR incorrectly applied a Guidelines section as part of the court's analysis of ineffective assistance of counsel claim).

## A. Ground Two Claim Regarding U.S.S.G. § 3B1.1(a)

Section 3B1.1(a) provides, in relevant part, "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase [the offense level] by 4 levels." U.S.S.G § 3B1.1(a) (2014). Accordingly, the PSR increased Carbajal's offense level by 4 levels. PSR ¶ 53. Carbajal claims that his counsel provided ineffective assistance by not objecting to this 4-level enhancement. Mot. to Vacate at 7–8; *see also id.* at 5.

Contrary to Carbajal's allegations, his counsel did object to the enhancement—in a sentencing memorandum (ECF No. 364) as well as at the sentencing hearing. *See* Sentencing Hr'g Tr. at 5:25–6:1. But, the Court overruled that objection. *Id.* at 6:17–18. Consequently, Carbajal is not entitled to relief on this claim.

## B. Ground Two Claims Regarding U.S.S.G. § 2D1.1(b)(5)

### 1. *Claim of Inapplicability*

The PSR assessed a 2-level increase to the offense level pursuant to § 2D1.1(b)(5) of the Sentencing Guidelines. PSR ¶ 50. That section applies, if "the offense *involved* the importation of . . . methamphetamine." U.S.S.G § 2D1.1(b)(5) (2014) (emphasis added). Carbajal argues that that section is not applicable because there was "no evidence" to suggest and/or support that he was responsible for importing the drugs from Mexico. Suppl. Br. at 2. Consequently, Carbajal appears to claim, his counsel provided ineffective assistance by not objecting on this basis. *Id.*; Mot. to Vacate at 7.

Carbajal's argument lacks merit. To receive the § 2D1.1(b)(5) importation enhancement, a defendant need not be personally involved in the importation of illegal drugs; instead, it is enough that the offense involved the importation. *See United States v. Rodriguez*, 666 F.3d 944, 946 (5th Cir. 2012) ("Even if we accept Rodriguez's narrower interpretation of 'importation,' it means only that she did not import the drugs, not that her possession did not involve importation."); *see also id.* ("The scope of actions that 'involve' the importation of drugs is larger than the scope of those that constitute the actual importation. . . . Here, 'involved' means 'included in the process of.' Just as building a house may involve importing building materials, possessing methamphetamine in Dallas may involve its importation to the Dallas area."). Carbajal pled guilty to the charge of conspiracy to possess with intent to distribute methamphetamine. Tr. Plea Hr'g at 16:19–23; *see also* Superseding Indictment at 1, ECF No. 377. At the plea hearing, the Government recited, as the factual basis for his plea, that several co-conspirators identified Carbajal "as the person who would supply them with methamphetamine and -- in order to then distribute that methamphetamine in the Deming, New Mexico, and El Paso, Texas areas." *Id.* at 18:14–22. Carbajal then attested to that fact as true and correct.[4] *Id.* 20:4–6.

Moreover, the PSR is replete with evidence that the methamphetamine that he supplied was imported from Mexico. The PSR states that the law enforcement agencies' investigation "revealed that the methamphetamine was being smuggled from Ciudad Juarez, Chihuahua, Mexico, into El Paso and then being transported to Deming. Once in Deming, the larger quantities were broken down into smaller quantities and distributed to several mid-level methamphetamine dealers in the Deming area." PSR ¶ 18. The PSR further states that after

---

[4] *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977))).

Carbajal turned himself in at the Paso Del Norte Port of Entry in November 2014, he admitted that "he was purchasing one to two pounds of methamphetamine every two months from Rengo," and that he knew "'Gordito' to be Rengo's methamphetamine source of supply in Mexico." *Id.* ¶ 32.

Consequently, there is adequate evidence to support the 2-level enhancement under § 2D1.1(b)(5). *See United States v. Krase*, 18-10639, 2019 WL 2521660, at *2 (5th Cir. June 18, 2019) ("Possession with intent to distribute imported methamphetamine 'without more' subjects the defendant to the § 2D1.1(b)(5) enhancement, even if he is not personally involved in the importation or does not know that the methamphetamine was imported." (citing *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014))).

When faced with facts contained in the PSR that are supported by an adequate evidentiary basis with sufficient indicia of reliability, a defendant must offer rebuttal evidence demonstrating that those facts are "materially untrue, inaccurate or unreliable." *United States v. Huerta*, 182 F.3d 361, 364–65 (5th Cir. 1999) (internal quotes and citations omitted). Other than conclusorily asserting that there was no evidence, Carbajal has failed to rebut, or show to be unreliable, the PSR's statement that the methamphetamine was imported from Mexico. Conclusory allegations are insufficient to obtain § 2255 relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); see also *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). Carbajal is not entitled to § 2255 relief on this claim.

## 2. *Claim Regarding Rule 11 Advisement*

Carbajal additionally claims that the application of § 2D1.1(b)(5) violated Rule 11 advisement because prior to his guilty plea, he was not notified that this section would be applied

at his sentencing. Suppl. Br. at 2. Consequently, he appears to claim, his counsel provided ineffective assistance by not objecting on this basis. *Id.*; Mot. to Vacate at 7.

Federal Rule of Criminal Procedure 11 provides, in relevant part, that before a court accepts a plea of guilty, it must inform the defendant of "any maximum possible penalty, including imprisonment" and "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(H)–(I). Here, the statutory provisions under which Carbajal was charged provide for "a term of imprisonment which may not be less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A)(viii) (50 grams or more of methamphetamine); *see also id.* § 841(a)(1).

At the plea hearing, the magistrate judge who accepted Carbajal's guilty plea, explained:

> THE COURT: Now, the maximum penalty you are facing for this offense, Mr. Carbajal, is as follows: a term of imprisonment of not less than 10 years or more than life, and that is a 10-year minimum; a fine of up to $10,000,000; at least five years of supervised release, and that is a five-year minimum; and a $100 special assessment.

Tr. Plea Hr'g at 15:18–24.[5] The magistrate judge therefore fully complied with Rule 11's mandate on penalties. She was "not require[d] . . . to calculate and explain the Guidelines sentence before accepting a guilty plea." *United States v. White*, 912 F.2d 754, 756 (5th Cir.

---

[5] In addition, the magistrate judge had the following colloquy with Defendant:

> THE COURT: In determining your sentence the district court will calculate the applicable sentencing guideline range and consider that range, possible departures under the sentencing guidelines and other factors under the law. *No one, not even your lawyer, can tell you for sure what kind of sentence you'll receive because the guidelines are advisory.* The district court will, however, consider those guidelines along with other factors in determining your sentence.
>
> This means you can receive a sentence anywhere from the minimum to the maximum allowed by law. And if do you receive a sentence more severe than expected or more severe than discussed with your lawyer, you will still be bound by your plea of guilty and you'll have no right to withdraw that plea. Do you understand?
>
> THE DEFENDANT: Yes, ma'am.

Tr. Plea Hr'g at 14:4–19.

1990) (internal quotes and citations omitted). Moreover, "when the plea is accepted, the Presentencing Investigation Report (PSR), upon which the sentence is ultimately based, is not available." *United States v. Shacklett*, 921 F.2d 580, 583 n.3 (5th Cir. 1991).

Consequently, any objection by Carbajal's counsel to the application of § 2D1.1(b)(5) on the basis for Rule 11 would have been frivolous and futile. Carbajal is therefore not entitled to relief on this claim. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("Because [the movant's] sentence was proper, her counsel was not ineffective for not challenging imposition of the twenty-year maximum at trial or on appeal."); *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) ("This court has held . . . that failure to make a meritless objections is not ineffective lawyering; it is the very opposite." (internal quotes and citations omitted); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

In sum, Carbajal is not entitled to § 2255 relief on either Ground One or Ground Two.

## IV. EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Carbajal's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## V. CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Carbajal's § 2255 motion fails because he has not identified a transgression of his constitutional rights or alleged an injury that he could not have raised on direct appeal that would, if condoned, result in a complete miscarriage of justice. Additionally, reasonable jurists could not debate the Court's reasoning for the denial of Carbajal's § 2255 claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484).

Consequently, the Court will not issue a certificate of appealability.

## VI. CONCLUSION AND ORDERS

The Court concludes that Movant Manuel Arturo Carbajal has failed to show his counsel provided constitutionally ineffective assistance. Therefore, he is not entitled to § 2255 relief. Additionally, the Court concludes that he is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Movant Manuel Arturo Carbajal's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF No. 402), as amended by his "Petition to Amend/Supplement Brief" (ECF No. 407), is **DENIED** and his civil cause. EP-18-CV-178-DCG, is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Manuel Arturo Carbajal is **DENIED** an evidentiary hearing.

**IT IS FURTHER ORDERED** that Movant Manuel Arturo Carbajal is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

So ORDERED and SIGNED this 31st day of July 2019.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE